Cirilo **FONSECA**; Rosa Fonseca; Marcos Fonseca; Andres Fonseca–Valdovinos; Blanca Estela Fonseca–Valdovinos, Petitioners,

v.

Alberto R. **GONZALES**,* Attorney General, Respondent.

No. 03–72890.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2005.**

Decided Feb. 23, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Terri J. Scadron, Esq., Virginia Lum, DOJ-U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, SILVERMAN, and BEA, Circuit Judges.

## MEMORANDUM ***

Cirilo Fonseca, his wife, Rosa, and their three adult children, Andres, Blanca, and Marcos, natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA"), dismissing their appeal from an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition for review.

■ The BIA did not deny Fonseca due process by failing to address whether he is entitled to a humanitarian grant of asylum based on being threatened, harassed, and beaten once by the Mexican police because this treatment did not constitute the type of atrocious torture successful applicants have demonstrated. *See Kumar v. INS*, 204 F.3d 931, 934–35 (9th Cir.2000); *Iturribarria v. INS*, 321 F.3d 889, 902–03 (9th Cir.2003). Fonseca's contention that the BIA was obligated to *sua sponte* remand this matter to the IJ lacks merit. *See Valderrama–Fonseca v. INS*, 116 F.3d 853, 857 (9th Cir.1997).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Substantial evidence supports the BIA's determination that the government rebutted Fonseca's presumption of a well-founded fear of future persecution based on evidence that the Partido Accion Nacional ("PAN"), the party to which Fonseca is loyal, enjoyed widespread success in the elections of 2000. *See Gonzalez–Hernandez v. INS,* 336 F.3d 995, 997 (9th Cir.2003) (citing 8 C.F.R. § 208.13(b)(1)(i)(A)). PAN's win in the presidential election and its increased representation at the local government level undercuts Fonseca's fear of persecution by the Mexican police, who Fonseca contends were controlled for decades by the now-deposed Partido Revolucionario Institutional. *See Marcu v. INS,* 147 F.3d 1078, 1082 (9th Cir.1998).

Because Fonseca failed to establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

The record does not compel the conclusion that Fonseca established eligibility for CAT relief because he failed to show that it is more likely than not that he would be tortured by the Mexican police if he were returned to Mexico. 8 C.F.R. § 208.18(a)(1); *Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 749–50 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**